**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-01269-BNB

GARY FLUTE SR.,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE
AN AMENDED COMPLAINT

---

    Plaintiff, Gary Flute Sr., is in the custody of the Federal Bureau of Prisons at the Federal Correctional Institution in Englewood, Colorado. Plaintiff initiated this action by filing *pro se* a Complaint pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b), in the United States Court of Federal Claims. In an order entered on April 25, 2014, the Court of Federal Claims transferred the action to this Court pursuant to 28 U.S.C. § 1631. As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(b), the Court determined that the submitted documents are deficient and directed Plaintiff to submit his claims and a request to proceed pursuant to 28 U.S.C. § 1915 on proper Court-approved forms. Plaintiff complied on June 6, 2014, and the Court granted the § 1915 Motion.

    The June 6 Complaint supercedes the complaint Plaintiff filed in the Court of Federal Claims. *Mink v. Suthers*, 482 F.3d 1244 (10th Cir. 2007) (citing *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir.2000)); *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir.1990) ("[A] pleading that has been amended under Rule 15(a)

supersedes the pleading it modifies . . . .") (internal quotation marks omitted).  The Court, therefore, will only consider the merits of the June 6 Complaint.

The Court must construe the June 6 Complaint liberally because Plaintiff is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court, however, should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  The Court will direct Plaintiff to file an Amended Prisoner Complaint for the following reasons.

Plaintiff asserts jurisdiction pursuant to 28 U.S.C. § 1346(b) and 18 U.S.C. §§ 1961 et seq. and states the background of his case is a

> deprivation of his rights through willful, collusive ignorance of publicly proffered BOP policies which prevented access to the court by blocked proper exhaustion of pending proceeding of the BOP's administrative remedy process as a result of an improper Dec. 19, 2011 transfer because of a charge in custody classification allegedly being lowered which resulted in the loss of personal property and UNICOR wages as a result of the complete ignorance of 28 C.F.R. § 345.33, 18 U.S.C. §§ 241, 242 and 18 U.S.C. § 245(b)(1)(B), which essentially renders discriminatory acts against me for exercising First Amendment Rights to 'redress' grievances by and through a conspiracy against rights in violation of the R.I.C.O. Act 18 U.S.C. §§ 1961 et seq. without the court's 'special-mail' open only in presence of inmate declaration upon all correspondence from the court, it renders this action impossible to prosecute and inherently unfair.

Plaintiff identifies three claims, including: (1) a deprivation of his rights by and through a conspiracy; (2) obstruction of justice in agency proceedings; and (3) theft by deception or larceny.  Plaintiff seeks money damages.

In Claim One, Plaintiff states that on December 19, 2011, a United States employee acted under the false pretense of BOP policy and "triggered a Conspiracy Against Rights" and caused Plaintiff to be deprived of his rights secured by the Constitution or laws of the United States, specifically his rights under 18 U.S.C. § 245(b)(1)(B), the BOP transfer policies, and "Obstruction of Justice-Agency

2

proceedings." Compl., ECF No. 8, at 4.

In Claim Two, Plaintiff states that on or about December 20, 2011, while on FTC holdover status at Oklahoma City, a proceeding was pending before a United States agency during which "the defendant" corruptly endeavored to influence, obstruct, or impede the due and proper administration of the law by and through "this improper December 19, 2011 transfer in contravention of F.R.A. Procedure Rule 23(a)." *Id.* at 5.

In Claim Three, Plaintiff states that the United States employees acted under the false pretense of BOP policy which resulted in the loss of his personal property. Plaintiff further asserts that he initiated 'small claims' filings for over $1,000 and as was rejected by the Regional Counsel, which constitutes a "criminal act against Gary Flute Sr. of being, and under the 'liberal' construction standard as set forth by the U.S. Supreme Court with *Haines v. Kerner* . . . ." *Id.* at 6.

The Court finds that the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the  is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for

the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix pleadings violate the requirements of Rule 8.

Plaintiff fails to set forth a short and plain statement of his claims showing that he is entitled to relief. Plaintiff relies on the RICO Act for the basis of his claims but fails to assert any claims that would support a RICO claim. "A private RICO claim can only be brought by a plaintiff claiming a personal injury arising from the use or investment of racketeering income." *Peterson v. Shanks*, 149 F.3d 1140, 1145 (10th Cir. 1998) (citing *Grider v. Texas Oil & Gas Corp.*, 868 F.2d 1147, 1149 (10th Cir. 1989)). Injury from the racketeering acts, *per se*, is not sufficient to state a violation under § 1962 because § 1962(a) does not prohibit racketeering acts. *Grider*, 868 F.2d at 1149. Section 1962(a) "does not state that it is unlawful to receive racketeering income; rather . . . the statute prohibits a person who has received such income from using or investing it in the proscribed manner." *Id.* Pursuant to 28 U.S.C. § 1964(c), a civil damage remedy only is available to those persons injured "by reason of a violation of section 1962," and a plaintiff seeking civil damages for a violation of § 1962(a) must plead facts tending to show that he was injured by the use or investment of racketeering income.

Nothing Plaintiff asserts indicates Defendant received income or invested such income in any enterprise that is engaged in interstate or foreign commerce. Because Plaintiff fails to state an injury by the use or investment of racketeering income, he is not able to state his injuries were caused by a RICO violation. *Id.* Plaintiff, therefore, lacks standing to bring a RICO claim under §§ 1964(c) and 1962(a). *Id.* at 1151.

Plaintiff also refers to violations of his constitution rights, but the claims are vague

and conclusory and fail to assert who personally participated in violating these rights. Plaintiff fails to state the jurisdiction for these claims.

Finally, it is unclear what claims Plaintiff intends to assert under 28 U.S.C. § 1346(b). Plaintiff complains about his transfer, denial of his claims for the loss of property, lost wages, and interference by United States employees in an agency proceeding, but he fails to assert specifically the matter he is challenging under the Federal Tort Claims Act (FTCA) claim.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court, however, will give Plaintiff an opportunity to cure the deficiencies in the Complaint by submitting an Amended Complaint that meets the requirements of Fed. R. Civ. P. 8.

To state a claim in federal court Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff also must assert personal participation by each named defendant if he intends to assert an alleged constitutional violation. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable for the unconstitutional conduct of his or her

subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Id.* at 1199.  Accordingly, it is

ORDERED that Plaintiff file an Amended Complaint that complies with the directions above, **within thirty days from the date of this Order**.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions at www.cod.uscourts.gov, to be used in filing the Amended Complaint.  It is

FURTHER ORDERED that if Plaintiff fails to comply with this Order within the time allowed the Court shall proceed to review the merits of the claims as stated in the Complaint filed on June 6, 2014.

DATED June 16, 2014, at Denver, Colorado.

                                            BY THE COURT:

                                            s/ Boyd N. Boland
                                            United States Magistrate Judge