IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01269-BNB

GARY FLUTE SR.,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

ORDER OF DISMISSAL

    Plaintiff, Gary Flute Sr., is in the custody of the Federal Bureau of Prisons at the Federal Correctional Institution in Englewood, Colorado. Plaintiff initiated this action by filing *pro se* a Complaint pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b), in the United States Court of Federal Claims.  In an order entered on April 25, 2014, the Court of Federal Claims transferred the action to this Court pursuant to 28 U.S.C. § 1631.  As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(b), Magistrate Judge Boyd N. Boland determined that the submitted documents were deficient and directed Plaintiff to submit his claims and a request to proceed pursuant to 28 U.S.C. § 1915 on proper Court-approved forms.  Plaintiff complied on June 6, 2014, and the Magistrate Judge Boland granted the § 1915 Motion. Magistrate Judge Boland then reviewed the Complaint and entered an order on June 16, 2014, directing Plaintiff to amend the Complaint pursuant to Fed. R. Civ. P. 8.  In the June 16 Order, Magistrate Judge Boland depicted Plaintiff's claims as follows:

Plaintiff asserts jurisdiction pursuant to 28 U.S.C. § 1346(b) and 18 U.S.C. §§ 1961 et seq. and states the background of his case is a

"deprivation of his rights through willful, collusive ignorance of publicly proffered BOP policies which prevented access to the court by blocked proper exhaustion of pending proceeding of the BOP's administrative remedy process as a result of an improper Dec. 19, 2011 transfer because of a charge in custody classification allegedly being lowered which resulted in the loss of personal property and UNICOR wages as a result of the complete ignorance of 28 C.F.R. § 345.33, 18 U.S.C. §§ 241, 242 and 18 U.S.C. § 245(b)(1)(B), which essentially renders discriminatory acts against me for exercising First Amendment Rights to 'redress' grievances by and through a conspiracy against rights in violation of the R.I.C.O. Act 18 U.S.C. §§ 1961 et seq. without the court's 'special-mail' open only in presence of inmate declaration upon all correspondence from the court, it renders this action impossible to prosecute and inherently unfair."

Plaintiff identifies three claims, including: (1) a deprivation of his rights by and through a conspiracy; (2) obstruction of justice in agency proceedings; and (3) theft by deception or larceny. Plaintiff seeks money damages.

In Claim One, Plaintiff states that on December 19, 2011, a United States employee acted under the false pretense of BOP policy and "triggered a Conspiracy Against Rights" and caused Plaintiff to be deprived of his rights secured by the Constitution or laws of the United States, specifically his rights under 18 U.S.C. § 245(b)(1)(B), the BOP transfer policies, and "Obstruction of Justice-Agency proceedings." Compl., ECF No. 8, at 4.

In Claim Two, Plaintiff states that on or about December 20, 2011, while on FTC holdover status at Oklahoma City, a proceeding was pending before a United States agency during which "the defendant" corruptly endeavored to influence, obstruct, or impede the due and proper administration of the law by and through "this improper December 19, 2011 transfer in contravention of F.R.A. Procedure Rule 23(a)." *Id.* at 5.

In Claim Three, Plaintiff states that the United States employees acted under the false pretense of BOP policy which resulted in the loss of his personal property. Plaintiff further asserts that he initiated 'small claims' filings for over $1,000 and as was rejected by the Regional Counsel, which constitutes a "criminal act against Gary Flute Sr. of being,

2

>and under the 'liberal' construction standard as set forth by
>the U.S. Supreme Court with *Haines v. Kerner* . . . ." *Id.* at 6.

Magistrate Judge Boland found that Plaintiff failed to set forth a short and plain statement of his claims that showed he is entitled to relief. Specifically, Magistrate Judge Boland determined that Plaintiff failed to (1) assert a RICO claim; (2) identify a constitutional violation and assert who personally participated in the violation; and (3) specify the matter he is challenging under the Federal Tort Claims Act. This Court also finds that Plaintiff does not have a private cause of action under 18 U.S.C. §§ 241, 242, and 245. *See Kelly v. Rockefeller. et al.*, 69 F. App'x 414, 415 (10th Cir. 2003). Section 245 explicitly reserves the right of prosecution to government officials. *Id.* at 416.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The Court agrees that Plaintiff failed to comply with Rule 8 and Magistrate Judge Boland's directive to amend was correct.

Plaintiff filed an Amended Complaint on July 8, 2014. The Amended Complaint,

ECF No. 12, like Plaintiff's other Complaint, ECF No. 8, fails to state he is entitled to relief. Plaintiff restates the same claims he asserted in the June 6 Complaint and fails to comply with any of the directives in the June 16 Order. Therefore, the action will be dismissed because Plaintiff has failed to comply with Fed. R. Civ. P. 8, and as a result failed to comply with a Court order.

In conclusion, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Because Plaintiff fails to provide a clear and concise statement of the claims he is asserting, the action will be dismissed for failure to file an amended pleading that complies with Rule 8.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals

for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiff failed to comply with a Court order.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  11th  day of      July         , 2014.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court